```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

| | |
|---|---|
| CHRISTINE SCHARA, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:10-cv-57(CDL) |
| TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC., | * |
| | * |
| Defendant. | |
| | * |

O R D E R

Plaintiff Christine Schara ("Schara") lost control of her 2000 Toyota Camry LE and ran off the road into a tree. In this product liability action, Schara brings a claim for defective design against Defendant Toyota Motor Manufacturing, Kentucky, Inc. ("Toyota"). She claims that the unsecured driver's side floor mat interfered with the accelerator pedal, causing her to lose control of both speed and direction of the vehicle. In support of her claim, she relies upon the expert opinion testimony of Donald Phillips ("Phillips"), a mechanical engineer with accident reconstruction training and experience. Phillips opines that the Toyota vehicle was defectively designed because (1) the floor mat was not secured with a positive retention device or locking clip, (2) the floor mat did not have a relief cut-out to provide clearance around the accelerator pedal as shown in the owner's manual, and/or (3) the accelerator pedal

1

did not swivel or articulate at the end of the pedal rod to prevent accelerator interference from the floor mat.  Phillips's opinions are based on his investigation of the possible causes of the accident, which included an inspection of the vehicle. Eliminating all other possibilities, Phillips opines that the defective floor mat design most likely caused Schara to lose control of her vehicle.

Toyota seeks to exclude Phillips's opinion testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).  Toyota's Mot. to Exclude Certain Ops. Proffered by Donald Phillips, ECF No. 18.  Once that evidence is eliminated, Toyota maintains that it is entitled to summary judgment. Toyota's Mot. for Summ. J., ECF No. 16.  Having thoroughly reviewed Toyota's motions, the Court finds that Phillips is qualified to express the opinions supporting Schara's claim, that his methodology is scientifically reliable, and that his testimony will assist the trier of fact.  Fed. R. Evid. 702; *Hendrix* ex rel. *G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010).  Toyota's arguments go to the weight that a jury may give to that testimony, not to its admissibility.  Accordingly, the testimony is not excluded under *Daubert* and is admissible under Federal Rule of Evidence 702.  Toyota's motion to exclude Phillips's testimony (ECF No. 18) is denied.

In light of the Court's ruling on Toyota's *Daubert* motion, it is clear that a genuine factual dispute exists for resolution by a jury.  Accordingly, Toyota's summary judgment motion (ECF No. 16) is denied.  Fed. R. Civ. P. 56.[1]

IT IS SO ORDERED, this 4th day of March, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] During discovery and in her response to Toyota's pending motions, Schara abandoned some of her defect claims.  If Schara wishes to amend her Complaint to conform it to the current state of the evidence consistent with her response to Toyota's pending motions, she may do so by filing an amended complaint within seven (7) days of today's Order.  The Court finds that allowing this amendment does not prejudice Toyota in any way.